# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### (*Oxford Division*)

KEITH WILBANKS, Individually;
LAURA WILBANKS, Individually; and,
Keith Wilbanks and Laura Wilbanks as the
Personal Representatives and Wrongful Death
beneficiaries of MASON KEITH WILBANKS, Deceased        **PLAINTIFFS**

vs.                                    Civil Action Number: 3:22CV146—DMB-JMV

RQL EXPRESS, LLC                                        **DEFENDANTS**

---

### COMPLAINT
### (*Jury Trial Demanded*)

---

COME NOW the Plaintiffs (to-wit: KEITH WILBANKS, Individually; LAURA WILBANKS, Individually; and, Keith Wilbanks and Laura Wilbanks as the Personal Representatives and Wrongful Death beneficiaries of MASON KEITH WILBANKS, Deceased), and, acting by and through their undersigned attorney, bring this complaint against Defendant RQL EXPRESS, LLC, and for cause of action the Plaintiffs would state and show unto this Honorable Court as follows, to-wit:

### PARTIES

1.

Plaintiff KEITH WILBANKS is an adult resident citizen of DeSoto County in the State of Mississippi. Plaintiff Keith Wilbanks is the lawful Husband of Laura Wilbanks, and is the natural father of Mason Keith Wilbanks, deceased.

2.

**PAGE 1 OF 14**

Plaintiff LAURA WILBANKS is an adult resident citizen of DeSoto County in the State of Mississippi. Plaintiff Laura Wilbanks is the lawful Wife of Keith Wilbanks, and is the natural mother of Mason Keith Wilbanks, deceased.

3.

The Plaintiffs, KEITH WILBANKS and LAURA WILBANKS, are the sole surviving heirs-at-law and wrongful death beneficiaries of Mason Keith Wilbanks, deceased, as decreed by the *Order Establishing Heirs-at-Law and Wrongful Death Beneficiaries of Mason Keith Wilbanks, Deceased*, entered on the 7th day of September, 2021, in case number 21-CV-1343, in the Chancery Court of DeSoto County, Mississippi.

4.

Defendant RQL EXPRESS, LLC, is a limited liability company formed and existing pursuant to the laws of the State of Florida which has its principal address in Columbia County in the State of Florida located at 285 SW Holly Glen, Lake City, Florida 32024. Defendant RQL Express, LLC (which may hereinafter be referred to as "RQL Express"), may be served with process of this Court by serving same upon its registered agent located in Columbia County in the State of Florida, to-wit: Daniel Diaz De Arce, 285 SW Holly Glen, Lake City, Florida 32024. Upon information and belief, the Plaintiffs allege that all members of Defendant RQL Express are adult resident citizens of the State of Florida.

## JURISDICTION AND VENUE

### *Subject Matter Jurisdiction*

5.

This civil action presents a claim for damages for wrongful death under the provisions of MISS. CODE ANN. §11-7-13 (rev. 2018) arising from an incident that occurred in DeSoto County, Mississippi, on or about June 12, 2021. The amount in controversy exceeds $75,000.00. There is complete diversity of citizenship between the parties: the Plaintiffs are residents of the State of Mississippi, while the named defendants are residents of states other than the State of Mississippi; therefore, because this civil action involves citizens of different states and the matter in controversy exceeds the value of $75,000.00, this civil action may properly be brought in a district court of the United States pursuant to 28 U.S.C. §1332.

### *Venue Jurisdiction*

6.

A substantial part of the events or omissions giving rise to this cause of action occurred in DeSoto County, Mississippi; therefore, pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. §104(a)(2), the proper venue for this action is in the Oxford Division of the United States District Court for the Northern District of Mississippi.

**JURY TRIAL DEMANDED**

7.

The Plaintiffs hereto, pursuant to Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE, specifically demand that this civil action be tried before a jury as is their right pursuant to Amendment VII of the CONSTITUTION OF THE UNITED STATES.

**FACTS**

8.

The incident giving rise to this civil action is an accident that occurred at approximately 11:47 o'clock, a.m. (1147 hours), on Saturday, June 12, 2021, on U.S. Interstate Highway 269 ("I-269") in DeSoto County, Mississippi. At the time and place of the accident, I-269 was (and is) a limited access four-lane highway (with two lanes for eastbound traffic and two lanes for westbound traffic separated by a grassy median). The accident occurred in the daylight hours (*i.e.*, at approximately 11:47 a.m.), and, at the time of the accident, the weather was clear and the road surface was dry.

9.

The location where the accident occurred was, at the time of the accident, within a active "work zone" in which workers were present.

10.

Immediately prior to the accident, Mason Keith Wilbanks, who was 19-years-old, had been traveling westbound on I-269 in when he experienced a mechanical problem with the 2005 Toyota 4-Runner sport-utility vehicle ("SUV") he was driving, and, because of the

mechanical problem, Mason Keith Wilbanks drove the Toyota 4-Runner off of the traffic lanes and unto the shoulder of I-269, where the Toyota 4-Runner came to a stop and was a disabled vehicle.

11.

Also immediately prior to the accident, Edmund Harry Thompson (who may be referred to hereinafter as "Thompson") was traveling westbound on I-269 while driving or operating a 2019 model Freightliner truck-tractor connected to a semi-trailer (a/k/a an "18-wheeler") and was traveling in the outside (or right) westbound traffic lane of I-269.

12.

The accident occurred as Mason Keith Wilbanks was standing next to his disabled Toyota 4-Runner, which was stopped on the shoulder of the road and was completely off of the traffic lanes of I-269. As Mason Keith Wilbanks was standing near the driver's door of the Toyota 4-Runner he was struck by the 18-wheeler being driven by Thompson. As a result of being struck by the 18-wheeler, Mason Keith Wilbanks suffered massive body and head trauma that resulted in his death.

13.

The accident that resulted in the death of Mason Keith Wilbanks was entirely due to the negligence and negligent acts Thompson committed while he was driving or operating the 18-wheeler, and the negligence and negligent acts of Thompson is/are the legal and proximate cause of the death of Mason Keith Wilbanks.

14.

Mason Keith Wilbanks was not negligent in any way: Mason Keith Wilbanks did not do any act that may have caused or contributed to the accident, and the accident was not caused due to the failure of Mason Keith Wilbanks to do any act.

15.

At the time of the accident that caused the death of Mason Keith Wilbanks, Edmund Harry Thompson was an agent, employee, and/or servant of Defendant RQL Express, LLC, and was acting within the course and scope of his employment. The 18-wheeler (*i.e.*, the 2019 model Freightliner truck-tractor connected to a semi-trailer) being driven by Thompson at the time of the accident was the property of Penske Truck Leasing Co., L.P., and had been leased or loaned to Defendant RQL Express, and, in turn, Defendant RQL Express had entrusted the said 18-wheeler to Thompson.

16.

Edmund Harry Thompson was, at the time of the accident, negligently operating the 18-wheeler (*i.e.*, the 2019 model Freightliner truck-tractor connected to a semi-trailer) he was driving or operating. Thompson's negligence and/or negligent acts include (but are not limited to) the following, to-wit: driving at an unsafe speed for the circumstances then and there existing; driving at an excessive and/or unsafe speed while in an active work zone; failing to remain within the proper traffic lane; failing to keep a proper lookout; failing to avoid a collision with a pedestrian; driving recklessly; driving carelessly; failure to maintaining proper control of the 18-wheeler; and/or other acts of negligence and/or negligence *per se* which may be shown and/or discovered in the course of this litigation. The

**PAGE 6 OF 14**

Plaintiffs allege that, at the time of the accident, Thompson was guilty of negligence *per se* for the following reasons, to-wit: operating the 18-wheeler in violation of MISS. CODE ANN. § 63-3-516 (rev. 2019) (*Speed limits within highway work zones* ....); MISS. CODE ANN. § 63-3-603 (rev. 2018) (*Driving on roadways laned for traffic.*); MISS. CODE ANN. § 63-3-1112 (rev. 1983) (*Duty of driver to avoid collision with pedestrian* ...); MISS. CODE ANN. § 63-3-1113 (1972) (*Driving through safety zone*); MISS. CODE ANN. § 63-3-1201 (rev. 1993) (*Reckless driving*); and/or MISS. CODE ANN. § 63-3-1213 (rev. 1993) (*Careless driving*). The fatal accident was entirely due to the negligence and negligent acts of Thompson, and his negligence is the direct and proximate cause of the accident and of the death of Mason Keith Wilbanks and of the injuries, damages, and losses suffered and sustained by the Plaintiffs.

17.

Edmund Harry Thompson was, at all times pertinent to this civil action, an agent, employee, and/or servant of Defendant RQL Express and was acting within the course and scope of his employment; therefore, Defendant RQL Express may be held liable for any and all damages caused by Thompson's acts of negligence and/or negligent *per se* under the doctrine of *respondeat superior*. The Plaintiffs allege, based upon information and belief, that Edmund Harry Thompson died on February 13, 2022, in Lubbock, Texas, while engaged in working as a truck driver.

## COUNT I.

### ACTS OF NEGLIGENCE AND/OR
### NEGLIGENCE *PER SE* OF EDMUND HARRY THOMPSON

18.

For Count I, the Plaintiffs, by this reference, hereby adopt and re-assert all the allegations, averments and statements of fact contained and set forth in the above and foregoing paragraphs of this complaint.

19.

The Plaintiffs allege that, at all times relevant to this civil action, Edmund Harry Thompson was an agent, employee, and/or servant of Defendant RQL Express and was acting within the course and scope of his employment; therefore, Defendant RQL Express may be held liable for any and all damages caused by Thompson's acts of negligence and/or negligent *per se* under the doctrine of *respondeat superior*.

20.

The acts of negligence and/or negligence *pe se* of Edmund Harry Thompson is/are the direct and proximate cause of the accident and the wrongful death of Mason Keith Wilbanks and the injuries, damages, and losses suffered and sustained by the Plaintiffs. Mason Keith Wilbanks was not negligent or at fault in any way, and the Plaintiffs were not negligent or at fault in any way. The acts of negligence and/or negligence *per se* of Edmund Harry Thompson include, but are not limited to, the following, to-wit:

a)   driving at an unsafe speed for the circumstances then and there existing;

b)   driving at an excessive and/or unsafe speed while in an active work zone;

c)   failing to remain within the proper traffic lane;

d)   failing to keep a proper lookout;

e)   failing to avoid a collision with a pedestrian;

f)   driving recklessly;

g)   driving carelessly;

h)   not maintaining proper control of the vehicle;

i)   operating the 18-wheeler in violation of MISS. CODE ANN. § 63-3-516 (rev. 2019) (*Speed limits within highway work zones* ....), MISS. CODE ANN. § 63-3-603 (rev. 2018) (*Driving on roadways laned for traffic.*), MISS. CODE ANN. § 63-3-1112 (rev. 1983) (*Duty of driver to avoid collision with pedestrian* ...), MISS. CODE ANN. § 63-3-1113 (1972) (*Driving through safety zone*), MISS. CODE ANN. § 63-3-1201 (rev. 1993) (*Reckless driving*), and/or MISS. CODE ANN. § 63-3-1213 (rev. 1993) (*Careless driving*); and,

j)   other acts of negligence and/or negligence *per se* which may be shown and/or discovered in the course of this litigation.

21.

Mason Keith Wilbanks suffered fatal injuries and died as a result of the aforesaid acts of negligence and/or negligence *per se* committed by Edmund Harry Thompson, and the Plaintiffs sustained injuries, damages, and losses; therefore, under the doctrine of *respondeat superior*, because Edmund Harry Thompson was, at all times pertinent to this civil action,

an agent, employee, and/or servant of Defendant RQL Express and was acting within the course and scope of his employment, Defendant RQL Express is liable to the Plaintiffs for the Plaintiffs' injuries, damages, and losses caused by Thompson's acts of negligence and/or negligence *per se*.

**COUNT II.**

**ACTS OF NEGLIGENCE OF
DEFENDANT RQL EXPRESS, LLC**

22.

For Count II, the Plaintiffs, by this reference, hereby adopt and re-assert all the allegations, averments and statements of fact contained and set forth in the above and foregoing paragraphs of this complaint.

23.

At the time of the accident, and at all times pertinent to this civil action, Defendant RQL Express, LLC, was the employer of Edmund Harry Thompson, and Edmund Harry Thompson was acting within the course and scope of his employment. Defendant RQL Express was also the lessee of the 18-wheeler (*i.e.*, the 2019 model Freightliner truck-tractor connected to a semi-trailer) that Thompson was driving at the time of the accident and, as the lessee, Defendant RQL Express had the right to control the said motor vehicle and its use. Defendant RQL Express, as the employer of Edmund Harry Thompson and as the lessee of the aforesaid 18-wheeler (*i.e.*, the 2019 model Freightliner truck-tractor connected to a semi-trailer), knew, or should have known through the exercise of reasonable care, that Edmund Harry Thompson needed close supervision while in the operation of an 18-wheeler and that

**PAGE 10 OF 14**

Edmund Harry Thompson should not be entrusted to drive an 18-wheeler without such supervision. Therefore, because such negligent entrustment of the said 18-wheeler to Edmund Harry Thompson as aforesaid is a proximate contributing cause of the fatal accident that caused the death of Mason Keith Wilbanks and of the injuries, damages, and losses suffered by the Plaintiffs, and because such negligent supervision of Edmund Harry Thompson while he was operating the said 18-wheeler as aforesaid is a proximate contributing cause of the fatal accident that caused the death of Mason Keith Wilbanks and of the injuries, damages, and losses suffered by the Plaintiffs, Defendant RQL Express is liable to the Plaintiffs for the aforesaid injuries, damages, and losses.

24.

Defendant RQL Express is guilty of the following acts of negligence which were a direct and proximate cause, or were a proximate contributing cause, of the accident and of the fatal accident that caused the death of Mason Keith Wilbanks and of the injuries, damages, and losses suffered by the Plaintiffs, to-wit:

a) Negligent entrustment of the (*i.e.*, the 2019 model Freightliner truck-tractor connected to a semi-trailer) to Edmund Harry Thompson;

b) Negligent supervision of Edmund Harry Thompson while he was operating the said 18-wheeler;

c) Failure to properly screen the backgrounds of its employees to insure that only safe drivers were entrusted with vehicles owned, leased, and or operated by Defendant RQL Express;

d) Failure to properly train its employees to insure safe drivers are operating its vehicles;

**PAGE 11 OF 14**

e)   Failure to properly monitor its drivers to insure that the drivers are operating its vehicles in a safe and reasonable manner; and,

f)   Other acts of negligence which may be discovered in the course of this litigation.

25.

As a result of the aforesaid acts of negligence by Defendant RQL Express, Edmund Harry Thompson was allowed to negligently operate the 18-wheeler and this negligence caused the fatal accident that resulted in the death of Mason Keith Wilbanks and also resulted in the injuries, damages, and losses suffered by the Plaintiffs; therefore, Defendant RQL Express is liable to the Plaintiffs for their injuries, damages, and losses.

**DAMAGES**

26.

As a direct and proximate consequence of the above described acts of Edmund Harry Thompson and Defendant RQL Express, Mason Keith Wilbanks was killed and the Plaintiffs suffered injuries, damages, and losses, including, but not limited to, the following, to-wit:

a)   funeral, burial expenses, burial plot and grave marker;

b)   the loss of the enjoyment of life sustained by Mason Keith Wilbanks;

c)   the loss of the intrinsic value of life sustained by Mason Keith Wilbanks;

d)   the present cash value of the expected lifetime net income of Mason Keith Wilbanks;

e)   the loss of love, society, companionship and affection of Mason Keith Wilbanks;

f)     the loss of the normal parent and child relationship, companionship, love and affection between Mason Keith Wilbanks and his parents, the Plaintiffs;

g)     the loss of the services of Mason Keith Wilbanks and the loss of his participation in family activities and duties;

h)     Mason Keith Wilbanks suffered pain and suffering and the loss of his life, as well as the loss of the joy of life and his lost future wares and earnings; and,

i)     other injuries, damages, and losses which may be shown upon the trial of this action.

**PRAYER FOR RELIEF**

27.

WHEREFORE, PREMISES CONSIDERED the Plaintiffs, KEITH WILBANKS and LAURA WILBANKS, demand judgment against Defendant RQL EXPRESS, LLC, in the amount of TEN MILLION DOLLARS ($10,000,000.00) to compensate the Plaintiffs for their injuries, damages, and losses, as well as all costs of bringing this action, including all court costs and fees, the Plaintiffs' attorneys' fees, litigation costs, and litigation expenses.

RESPECTFULLY SUBMITTED, this the 20th day of JULY, 2022.

**KEITH WILBANKS and
LAURA WILBANKS,** *Plaintiffs*


JOHN BOOTH FARESE (MS# 5136)
*Attorney for Plaintiffs*


**PAGE 13 OF 14**

ATTORNEY FOR PLAINTIFFS:

John Booth Farese
FARESE, FARESE & FARESE, P.A.
Post Office Box 98
Ashland, Mississippi 38603
Telephone:     662-224-6211
Facsimile:     662-224-3229
E-mail:        jbooth@fareselaw.com

**PAGE 14 OF 14**