IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KEITH WILBANKS, individually,** **PLAINTIFFS**
et al.

V. NO. 3:22-CV-146-DMB-JMV

**RQL EXPRESS, LLC** **DEFENDANT**

## ORDER

On July 20, 2022, Keith and Laura Wilbanks, individually and as the personal representatives and wrongful death beneficiaries of Mason Keith Wilbanks, filed a complaint in the United States District Court for the Northern District of Mississippi against RQL Express, LLC. Doc. #1. The complaint, which invokes diversity jurisdiction for negligence claims related to Mason's death in an automobile accident, alleges the plaintiffs are "adult resident citizen[s] of … Mississippi;" "RQL Express, LLC, is a limited liability company" and "all members of … RQL Express are adult resident citizens of … Florida;" and "[t]here is complete diversity of citizenship between the parties." *Id.* at 1–3, 8–12.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). To allege the citizenship of a limited liability company, the party asserting jurisdiction must "specifically

allege the citizenship of every member of every LLC … involved in a litigation." *Id*. at 282. General allegations regarding the citizenship of all members of an LLC does not satisfy this standard. *PCS Nitrogen Fertilizer, L.P. v. Providence Eng'g & Env't Grp., LLC*, No. 20-856, 2020 WL 7646381, at *1 (M.D. La. Dec 23, 2020) (collecting cases).

Because the complaint here alleges that all members of RQL Express are citizens of Florida without specifically identifying its members, "citizenship has not been adequately alleged." *Id.* Accordingly, within fourteen (14) days of the entry of this order, the plaintiffs, as the parties invoking this Court's jurisdiction, are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of diversity jurisdiction. If diversity jurisdiction can be sufficiently established, the plaintiffs, within the same fourteen-day period, may file an amended complaint in accordance with 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15(a) to properly allege diversity jurisdiction.

**SO ORDERED**, this 21st day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**